FARMER *et al. v.* ROGERS *et al.*

A petition to the court of ordinary, made in 1889, to allow an order passed by that court in 1880 to be entered on its minutes and made its judgment *nunc pro tunc*, setting forth the reasons therefor and the order alleged to have been passed, but failing to set forth the petition upon which it was granted and the service thereof, should have been dismissed on general demurrer.  On *certiorari* to the overruling of such demurrer, and to the grant of the application under the evidence submitted, the superior court should have made a final disposition of. the case and directed the court of ordinary to dismiss the application; matters of fact not being the subject-matter of *certiorari*, but of appeal from the court of ordinary to the superior court.

April 23, 1890.

*Certiorari.*   Ordinary.   Practice.   Jurisdiction.   Appeal.   Before Judge HINES.   Bulloch superior court.   October term, 1889.

Reported in the decision.

A. C. WRIGHT, D. R. GROOVER and U. H. McLAWS, for plaintiffs in error.

T. H. POTTER, contra.

SIMMONS, Justice.

Rogers, Williams and John C. DeLoach as former executors of J. D. DeLoach, and Z. T. DeLoach as administrator de bonis non with the will annexed of J. D. DeLoach, in 1889 petitioned the ordinary of Bulloch county to allow an order passed by said ordinary at the December term, 1880, to be entered on the minutes in said court and be made the judgment thereof nunc pro tunc. This petition set out the reasons therefor and the order which was alleged to have been passed by the ordinary in 1880. It was served upon the next of kin, as required by the code, who demurred thereto on the ground that the allegations therein furnished no sufficient foundation in law for the order prayed for. This demurrer was overruled. Upon the trial of the case and after the evidence was submitted, the respondents demurred to the evidence and moved to dismiss the petition because the evidence failed to establish the facts alleged therein. The ordinary overruled this demurrer also, and granted the prayer of the petition. The respondents sued out their certiorari to the superior court. Upon hearing the same the judge sustained the certiorari, and sent the case back to the ordinary for a rehearing. The plaintiffs in certiorari moved the court to render final judgment in the case, upon the ground that the error complained of was an error of law which finally governed the case. This motion the court refused, to which refusal the plaintiffs in certiorari excepted and assigned error.

We think the court erred in refusing to make a final disposition of the case. He was evidently right in

sustaining the *certiorari* upon the first exception taken therein, to wit, that the allegations in the petition furnish no sufficient foundation in law for the order prayed for. The ordinary should have sustained the demurrer to the petition on the ground that it failed to set out that the executors had made an application in writing to the ordinary, in 1880, to grant the order of discharge and appoint their successors, and due service thereof. The code, §4114, requires: "Every application made to the ordinary for the granting of any order shall be by petition in writing, stating the ground of such application and the order sought." We think, under this section of the code, that the petition in this proceeding should have set out not only the order alleged to have been passed at the December term, 1880, but also the petition made to the ordinary at that time for granting the order, and the service. The ordinary had no jurisdiction to grant the alleged order without a petition in writing as required by this section of the code. The present petition, in failing to disclose any such petition or application for the alleged order of 1880, failed to show sufficient foundation in law for the order now prayed for; and the demurrer should have been sustained. The trial judge having sustained the *certiorari* upon this ground, as we presume, should have made a final disposition of the case and directed the ordinary to dismiss the same. We say we presume that the trial judge sustained the *certiorari* upon this ground, because the other grounds alleged in the *certiorari* were questions of fact, and were not the subject-matter of *certiorari*, but of appeal from the court of ordinary to the superior court.

*Judgment reversed.*